| | |
|---|---|
| LEO B. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, and<br>MOMENTUM CREDIT CARD CO.,<br><br>Defendants. | No. 2:19-cv-1029-KJM-KJN PS<br><br><u>ORDER GRANTING IFP AND DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION</u> |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Leo B. Turner, who is proceeding without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Plaintiff's claim, as stated on the "statement of claim" line, is as follows:

> On 10/11/2018 I purchased a Google play card for $500. Google said it was a scam involving the postal services in West Sacramento. I reported it to the Federal Commission informing of the cruel and unusual punishment [of] a disable[d] person. Both party refuse [sic] to give a refund for the $500 so the post office and Momentum is in cahoots with each [other]. [They] knew it was a scam when they sold me that Google play card.

(ECF No. 1.) Plaintiff checked the box for federal question jurisdiction; he stated the basis for jurisdiction as "[a] Google play card was sold at federal business for $500 and the party's involve [sic] knew it was a scam, and also Momentum Credit Card was in cahoots." (Id.) Liberally construed, Plaintiff's Complaint appears to allege a claim of fraud against the United States Postal Service and a company denominated "Momentum Credit Card Company." (Id.)

Plaintiff's claim of wrongful conduct against the USPS falls within the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. The FTCA provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. The FTCA also provides that district courts:

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

28 U.S.C. § 1346(b). However, the FTCA specifically excludes certain intentional torts, including "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Claims falling within this exclusion leave the district court without power to hear the claim, as alleged against the United States. Snow-Erlin v. United States, 470 F.3d 804, 808 (9th Cir. 2006); Pauly v. USDA, 348 F.3d 1143, 1151–52 (9th Cir. 2003) (noting that the United States has not waived its sovereign immunity with respect to misrepresentation and fraud claims); see also West v. City of Mesa, 708 F. App'x 288, 291 (9th Cir. 2017) (United States entitled to sovereign immunity on the plaintiff's fraud claim); White v. Soc. Sec. Admin., 111 F. Supp. 3d 1041, 1046 (N.D. Cal. 2015) (dismissing fraud claim against the government per the FTCA where plaintiff claimed an employee of the social security administration committed identity theft). Thus, Plaintiff's claim that the United States Postal Service "knew it was a scam when they sold me that Google play card" must be dismissed.

Plaintiff also states that an entity denominated "Momentum Credit Card Company" was "in cahoots" with USPS. Plaintiff's claim of fraud against this private entity is a California state law claim, and provides no basis in and of itself for federal question jurisdiction. See Hall v. N. Am. Van Lines, Inc, 476 F.3d 683, 687 (9th Cir. 2007) (finding the plaintiff's claims of fraud, breach of contract, and conversion were not federal claims, as each "relies exclusively on state law."). Federal jurisdiction may lie if the parties are completely diverse, but the complaint makes no allegations of jurisdiction under 28 U.S.C. § 1332. Further, since the Court will be dismissing the federal defendant, it would decline supplemental jurisdiction under 28 U.S.C. § 1367 against Momentum—in the absence of § 1332 jurisdiction. Prather v. AT&T, Inc., 847 F.3d 1097, 1108

(9th Cir. 2017) ("Without subject matter jurisdiction over [the plaintiff's] federal claim, the district court properly concluded it had no discretion to exercise supplemental jurisdiction over [the] state law claims.").

The Court cannot say that amendment would be futile, given the reasoning above; thus, Plaintiff is granted the opportunity to amend his complaint. See Noll, 809 F.2d at 1448. Plaintiff is reminded that this "First Amended Complaint" must stand on its own, make proper allegations of jurisdiction against each defendant, and plead any claims of fraud with particularity (as required by Federal Rule of Civil Procedure 9(b)). If Plaintiff determines he is unable to amend his complaint to state a viable claim in accordance with his obligations under Federal Rule of Civil Procedure 11, he may instead file—within 28 days of this order— a notice of voluntary dismissal of his claims without prejudice pursuant to Rule 41(a)(1)(A)(i).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED;
2. Plaintiff's claim against Defendants USPS and Momentum Credit Card Company are DISMISSED;
3. Within 28 days of this order, Plaintiff shall file either a First Amended Complaint in compliance with this order or a request for voluntary dismissal of the action without prejudice; and
4. Failure to timely comply with this Order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 17, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

turn.1029